IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JOSE L. MENDEZ (M-37375) | ) | |
| | ) | |
| Plaintiff, | ) | No. 14 C 50366 |
| | ) | |
| v. | ) | Judge Frederick J. Kapala |
| | ) | |
| DR. WAHL, et. al, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

      Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 5) is granted. The Court authorizes and orders the trust fund officer at Plaintiff's place of incarceration to deduct $12.42 from Plaintiff's account for payment to the Clerk of Court as an initial partial filing fee, and to continue making monthly deductions in accordance with this order. On the Court's own motion, Wexford Health Sources, Inc., is dismissed as a Defendant on preliminary review pursuant to 28 U.S.C. § 1915A. The Clerk is directed to: (1) send a copy of this order to the trust fund officer at the Dixon Correctional Center; (2) issue summonses for service on Defendants Dr. Wahl and Bill Law by the U.S. Marshal; (3) mail Plaintiff two blank USM-285 (Marshals service) forms, a Magistrate Judge Consent Form, and Instructions for Submitting Documents along with a copy of this order. The United States Marshals Service is appointed to serve Defendants. The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant. The Marshal will not attempt service on Defendants unless and until the required forms are received. Therefore, Plaintiff must complete service forms for each Defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within thirty days of the date of this order. Plaintiff's motion for attorney representation (Dkt. No. 4) is denied without prejudice.

**STATEMENT**

      Plaintiff, an Illinois state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff claims that Defendants, officials at the Dixon Correctional Center (hereinafter, "Dixon"), violated Plaintiff's constitutional rights by failing to protect him from an attack by a cellmate and through deliberate indifference to his serious medical needs after the attack.
      More specifically, Plaintiff alleges that on August 17, 2013, he reported to his counselor, Bill Law, that he was having serious problems with his cellmate, who was stealing his belongings. Plaintiff alleges that he told Law that his cellmate had threatened to "kick his ass," but the counselor told him he should "man up," and there was nothing he could do unless there

was a fight. Plaintiff alleges that the next day, August 18, 2013, his cellmate attacked him, causing a serious injury to his right eye.

Plaintiff goes on to allege that he suffered painful complications as a result of his eye injury, resulting in multiple surgeries. He contends that his care was delayed, and that Dr. Wahl, the medical director at Dixon, failed to respond to his requests for treatment on several occasions. On September 3, 2014, an eye specialist prescribed him a pair of sunglasses, but that prescription has yet to be filled, and Plaintiff has made several failed inquiries to Dr. Wahl regarding the prescription.

Plaintiff's motion for leave to proceed *in forma pauperis* is granted. Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is assessed an initial partial filing fee of $12.42. The trust fund officer at Dixon is authorized and ordered to collect the partial filing fee from Plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, Plaintiff's trust fund officer is directed to collect monthly payments from his trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and this case number. This payment obligation will follow Plaintiff wherever he may be transferred.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Here, accepting Plaintiff's allegations as true, the Court finds that the complaint articulates a colorable federal cause of action against Defendant Law for failure to protect him from his cellmate's attack. *See Pinkston v. Madry*, 440 F.3d 879, 889 (7th Cir. 2006) (holding that prison officials have a duty under the Eighth Amendment to protect prisoners from violence at the hands of other inmates) (citing *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)).

Additionally, Plaintiff states a claim against Defendant Dr. Wahl for deliberate indifference to his serious medical needs. *See Sherrod v. Lingle*, 223 F.3d 605, 610 (7th Cir. 2000). However, Wexford Health Sources, Inc. is not a proper Defendant to this claim. There is no respondeat superior or vicarious liability under Section 1983, so Wexford cannot be sued solely on the basis that it employs Dr. Wahl. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 822 (7th Cir. 2009). Plaintiff does not allege that his injuries are the result of any policy or practice by Wexford. *Id.* Nor does he contend that there is any basis to hold Wexford liable as a result of a series of bad acts on the part of its doctors, indicating that Wexford encouraged or condoned deliberate indifference to prisoners' serious medical needs. *See id.* (citing *Woodward v. Corr. Med. Servs.*, 368 F.3d 917, 927 (7th Cir. 2004)). Therefore, Wexford Health Sources, Inc. is dismissed as a Defendant in this action.

Likewise, Plaintiff's claim that his right to due process was violated by prison officials' alleged failure to respond to his grievances is dismissed. The Seventh Circuit has repeatedly held that there is no Fourteenth Amendment substantive due-process right to an inmate grievance procedure. *Grieveson v. Anderson*, 538 F.3d 763, 772 (7th Cir. 2008); *see Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996) ("With respect to the Due Process Clause, any right to a grievance procedure is a procedural right, not a substantive one. Accordingly, a state's inmate grievance procedures do not give rise to a liberty interest protected by the Due Process Clause.").

Finally, Plaintiff asserts a state law claim of intentional infliction of emotional distress against Defendants.  Under Illinois law, a plaintiff claiming intentional infliction of emotional distress must demonstrate that the defendant intentionally or recklessly engaged in "extreme and outrageous conduct" that resulted in severe emotional distress. *Sanders v. Childers*, No. 14-cv-01296-MJR, 2014 U.S. Dist. LEXIS 173367, *12 –*13 (S.D. Ill. Dec. 15, 2014) (citing *Somberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1030 (7th Cir. 2006)).  The tort has three elements: (1) the conduct involved must be truly extreme and outrageous; (2) the actor must either intend that his conduct inflict severe emotional distress, or know that there is at least a high probability that his conduct will cause severe emotional distress; and (3) the conduct must in fact cause severe emotional distress.  *Id.* at *13 (citing *McGrath v. Fahey*, 533 N.E.2d 806, 809 (Ill. 1988)).  Under Illinois law, the tort applies only to acts that are truly outrageous, and which "go beyond all bounds of decency and [are] considered intolerable in a civilized community." *Honaker v. Smith*, 256 F.3d 477, 490 (7th Cir. 2001).

Because this Court has original jurisdiction over Plaintiff's Section 1983 claims, it has supplemental jurisdiction over this related state law claim, which derives from a common nucleus of operative fact.  *See* 28 U.S.C. § 1367(a); *Wisconsin v. Ho-Chunk Nation*, 512 F.3d 921, 936 (7th Cir. 2008).  However, the actions attributed to Defendants Law and Dr. Dahl do not rise to the level of outrageousness that would support a claim for intentional infliction of emotional distress.  Therefore, that claim is dismissed as to both Defendants for failure to state a claim upon which relief may be granted.

The Court directs the Clerk to issue summonses for service of the complaint on Defendants Dr. Wahl and Bill Law.  The United States Marshals Service is appointed to serve Defendants.  The Court advises Plaintiff that a completed USM-285 (Marshals service) form is required for each named Defendant.  The Marshal will not attempt service on Defendants unless and until the required forms are received.  Therefore, Plaintiff must complete service forms for each Defendant and return those forms to the Clerk of Court in care of the Prisoner Correspondent within thirty days of the date of this order.

The U.S. Marshal is directed to make all reasonable efforts to serve Defendants.  With respect to former correctional employees who no longer can be found at the work address provided by Plaintiff, the Illinois Department of Corrections shall furnish the Marshal with the Defendant's last-known address.  The information shall be used only for purposes of effectuating service [or for proof of service, should a dispute arise] and any documentation of the address shall be retained only by the Marshal.  Address information shall not be maintained in the court file, nor disclosed by the Marshal.  The Marshal is authorized to send a request for waiver of service to the Defendants in the manner prescribed by Fed. R. Civ. P. 4(d)(2) before attempting personal service.

Plaintiff is instructed to file all future papers concerning this action with the Clerk of Court in care of the Prisoner Correspondent.  Plaintiff must send an exact copy of any court filing to the Defendants [or to defense counsel, once an attorney has entered an appearance on behalf of Defendants].  Every document filed with the court must include a certificate of service stating to whom exact copies were mailed and the date of mailing.  Any paper that is sent directly to the judge or that otherwise fails to comply with these instructions may be disregarded by the court or returned to Plaintiff.

Finally, Plaintiff's motion for attorney representation is denied. There is no constitutional or statutory right to counsel in federal civil cases. *Romanelli v. Suliene*, 615 F.3d 847, 851 (7th Cir. 2010); *see also Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). Nevertheless, the court has discretion under 28 U.S.C. § 1915(e)(1) to recruit counsel for an indigent litigant. *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013).

When a *pro se* litigant submits a request for assistance of counsel, the court must first consider whether the indigent plaintiff has made reasonable attempts to secure counsel on his own. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013) (citing *Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (en banc)). If so, the court must examine "whether the difficulty of the case--factually and legally--exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (quoting *Pruitt*, 503 F.3d at 655). "The question is whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Pruitt*, 503 F.3d at 655. The court also considers such factors as the plaintiff's "literacy, communication skills, education level, and litigation experience." *Id*.

After considering the above factors, the Court concludes that the solicitation of counsel is not warranted in this case at this time. Plaintiff has apparently made some unsuccessful efforts to secure counsel on his own, but he does not explain whether the law firms he has contacted have responded to his inquiries. Further, Plaintiff has alleged no physical or mental disability that might preclude him from adequately investigating the facts giving rise to this lawsuit. While Plaintiff states that his ability to read and write in English is limited because English is not his first language, Plaintiff's complaint is cogent and articulate. It should additionally be noted that the Court grants *pro se* litigants wide latitude in the handling of their lawsuits. Therefore, Plaintiff's motion for attorney representation is denied at this time. Should the case proceed to a point that assistance of counsel is appropriate, the Court may revisit this request.

Date: December 30, 2014